|   |   |
|---|---|
| EDGAR CHAVEZ, | Case No. CV 17-5805-AB (ASx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| GENERAL MOTORS, LLC, a Delaware Limited Liability Company; et al., | |
| Defendants. | |
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**I. INTRODUCTION**

Pending before the Court is Plaintiff Edgar Chavez's ("Plaintiff") Motion to Remand on the grounds that removal was both procedurally and substantively improper. (Dkt. No. 6) Defendant General Motors, LLC ("Defendant"), filed an Opposition. (Dkt. No. 8.) Plaintiff did not file a reply. After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument of counsel. The hearing set for October 20, 2017 is hereby **VACATED**. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion. É

1.

## II. BACKGROUND

This action concerns an allegedly defective vehicle manufactured and leased to Plaintiff by Defendant. (*See* Dkt. No. 8-3 ("TAC").) On November 22, 2016, Plaintiff filed a complaint in state court alleging violations of the Song-Beverly Warranty Act and seeking injunctive relief under the Consumer Legal Remedies Act ("CLRA"). (*See* Dkt. No. 8-1.)

Plaintiff subsequently filed an amended complaint ("FAC") on December 22, 2016. (Dkt. No. 8 ("Opp'n") at 2.) Plaintiff's FAC sought punitive damages under California Civil Code section 1780. (*Id.*) Defendants demurred as to Plaintiff's CLRA claim and also filed a motion to strike the prayer for punitive damages. (*Id.*) The state court judge sustained Defendant's demurrer and granted its motion to strike, but allowed Plaintiff leave to amend. (*Id.*) Thereafter, on March 19, 2017, Plaintiff filed a second amended complaint ("SAC") and served an amended CLRA notice. (*Id.*) The SAC did not include a prayer for punitive damages. Plaintiff then filed a third amended complaint ("TAC") on April 28, 2017, which the court deemed the operative complaint. (*See* TAC; Dkt. No. 2-2 at 14-17.) The TAC sought punitive damages pursuant to California Civil Code section 1780. (TAC at 16.) Defendant demurred to the TAC and moved to strike the civil penalty damages and punitive damages claims. (Opp'n at 2.) On July 6, 2017, the court overruled Defendant's demurrer and denied its motion to strike punitive damages. (Dkt. No. 2-2 at 64-68.) Thereafter, on August 4, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. Nos. 1, 2.)

## III. LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants ." Original jurisdiction may be based on diversity or the existence of a

federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Section 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir.2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The removal statute is construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (affirming that removal statutes should be construed narrowly in favor of remand to protect jurisdiction of state courts).

## IV. DISCUSSION

Plaintiff proffers several arguments in support of his Motion to Remand. First, he contends that removal was untimely. Second, he argues the Court does not have diversity jurisdiction because Defendant failed to establish his citizenship or provide

sufficient facts to support its claim that the amount in controversy exceeds $75,000.

**A. Whether Removal Was Timely**

Removal must occur within thirty days after receipt by the defendant of a paper "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1448(b)(3).

However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Here, Defendant filed its notice of removal on August 4, 2017. (Dkt. No. 1.) Plaintiff did not file the instant Motion until September 6, 2017, some 33 days after the notice was filed. Because Plaintiff failed to bring his Motion within 30 days of removal, his arguments based on a procedural defect in the removal process (untimely removal) must be denied. *See, e.g.*, *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("[T]he district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal."); *Borchers v. Standard Fire Ins. Co.*, No. C–10–1706 MMC, 2010 WL 2608291, *1 (N.D. Cal. June 25, 2010) (denying a motion to remand as untimely where it was based on defendants' allegedly untimely removal, but was filed 31 days after defendants removed the case to federal court); *Roskin v. Morgan Stanley Dean Witter & Co.*, 165 F.Supp.2d 1059, 1064 (N.D. Cal. 2001) ("The Ninth Circuit has held that untimely removal is a procedural, not jurisdiction[al], defect which must be objected to within the thirty day period [following removal].").

Accordingly, the Court does not consider whether removal was timely in determining whether it has jurisidiction.

**B. Whether the Court Has Diversity Jurisdiction**

Jurisdiction based on diversity requires that the amount in controversy exceed

4.

$75,000 and that the parties be completely diverse.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Plaintiff argues Defendant has not established Plaintiff's citizenship or that the amount in controversy exceeds $75,000.  (*See* Mot. at 7-12.)

### 1. Plaintiff's Citizenship

The TAC alleges that Plaintiff resides in the city of Los Angeles, California.  (TAC ¶ 2.)  Plaintiff relies on *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) in arguing that allegations of residence are insufficient to establish his citizenship.  A person's state citizenship is determined by his state of domicile, not his state of residence.  *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  A person's domicile is his permanent home, "where []he resides with the intention to remain or to which []he intends to return."  *Kanter*, 265 F.3d at 857.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*; s*ee, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").

However, *Kanter* is distinguishable from the case at hand.  There, the removing defendant merely allged that the plaintiff was a resident of California.  *Kanter*, 265 F.3d at 857.  The court explained that "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  *Id*. (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture,* 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.")).  Here, Defendant has affirmatively alleged that Plaintiff is a citizen of California and Defendant is a

citizen of Delaware and Michigan. (Dkt. No. 2 ("Notice") ¶ 19.) At this stage, this is sufficient to establish complete diversity. *See Kanter*, 265 F.3d at 857 (discussing the defendants' notice of removal and noting that "at this stage of the case, defendants were merely required to allege (not prove) diversity"). Accordingly, Defendant's allegations regarding Plaintiff's citizenship are sufficient to establish diversity.

### 2. Amount in Controversy

Plaintiff argues that Defendant's amount-in-controversy analysis is unsupported. (Mot. at 8.) On the other hand, Defendant contends the TAC provides support for its contention that the amount in controversy exceeds $75,000. Defendant first argues that because Plaintiff filed this case in state court as an unlimited matter "the amount demanded by Plaintiff exceeds $25,000." (Notice ¶ 21; Opp'n at 5.) Next, Defendant points out that the TAC seeks punitive damages and attorneys' fees and costs. (Opp'n at 5.) Additionally, Defendant notes that a prevailing plaintiff is entitled to replacement or reimbursement of the value of their vehicle and reasonable attorneys' fees under Song-Beverly's Implied Warranty provisions. (Notice ¶ 23.) *See also* Cal. Civ. Code § 1794. Pursuant to this provision, Plaintiff may be entitled to $23,805.00, the amount paid in connection with his lease. (Opp'n at 6; TAC at Ex. 1.) Moreover, Defendant claims Plaintiff could potentially recover punitive damages of ten times his compensatory damages. (Opp'n at 6.) Finally, Defendant contends it is "telling" that Plaintiff refused to stipulate that his damages will be less than $75,000. (*Id.*)

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). The Supreme Court has held that the

6.

allegations in a defendant's notice of removal that the amount in controversy exceeds the jurisdictional threshold need only be "plausible." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff has not clearly or unambiguously alleged $75,000 in his complaint, or has affirmatively alleged an amount *less* than $75,000 in its complaint, once the plaintiff challenges removal the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Id.*; *see also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

First, the Court notes that filing the case in state court as an unlimited action merely reveals that Plaintiff is seeking some amount over $25,000. It does not, however, provide any additional information regarding the amount in controversy for purposes of removal. Moreover, Plaintiff's refusal to stipulate that damages do not exceed $75,000 is not evidence of amount in controversy. Defendant cites no cases in support of this position, and this Court has previously found such assertions unpersuasive. *See Sasso v. Noble Utah Long Beach LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *3 (Mar. 3, 2015); *Ponce v. Medical Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 WL 4554336, at *2 n.3 (C.D. Cal. July 27, 2015); *see also Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (noting that courts in this district have found such arguments unpersuasive and that "since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal").

Second, the Court finds Defendant has not provided sufficient evidence of Plaintiff's potential damages under California Civil Code section 1794(b). There, a prevailing plaintiff's measure of damages includes the right of replacement or

reimbursement of the purchase price of the vehicle. Cal Civ. Code §§ 1794 (b), 1793.2(d). Here, Plaintiff paid 23,805.00 on his lease of the allegedly defective vehicle. (Opp'n at 6; TAC at Ex. 1.) However, Defendant provides no explanation for its conclusory statement that Plaintiff would recover that amount in compensatory damages. Under Song-Beverly, the restitution amount is subject to a deduction for the amount directly attributable to use by the buyer prior to the discovery of the nonconformity. Cal. Civ. Code § 1793.2(d)(1). Defendant provides no evidence of any possible deductions. Accordingly, Defendant has not shown that Plaintiff would be entitled to $23,805 under Song-Beverly.

Third, Defendant cites *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191 (2005), in support of its contention that Plaintiff may receive punitive damages in an amount as high as ten times the compensatory award. (Opp'n at 6.) There, the defendant had concealed a vehicle's prior history of significant repairs before selling it to the plaintiff. *Johnson*, 35 Cal. 4th at 1197-1200. Following appeal from a jury trial, the California Court of Appeal reduced the punitive damages award from approximately 560 times the compensatory award to three times, concluding that it could not award punitive damages designed "to punish and deter defendant's overall course of conduct." *Id.* at 1200. The California Supreme Court reversed, finding that it was proper to consider the defendant's "policies and practices, and [its] scale of profitability" when calculating the amount of punitive damages. *Id.* at 1213. However, the California Supreme Court did not, as Defendant suggests, conclude that a punitive damages award of ten-times the compensatory award was warranted. Instead, it remanded the case so the Court of Appeal could reevaluate its determination in light of the defendant's policy of engaging in similar activity. *Id.*

The quote provided by Defendant is actually from the subsequent Court of Appeal decision, *Johnson v. Ford Motor Co.*, 135 Cal. App. 4th 137, 150 (Ct. App. 2005). In the underlying case, the defendant had engaged in a policy and practice of

8.

"short-circuiting" lemon law claims whenever possible and concealing the prior repair history of preowned vehicles. *Id.* at 143, 147. On remand, the court found that "(1) the highly reprehensible nature of the conduct, . . . and the (2) state's strong interest in punishment and deterrence that are to be vindicated in order to seek this defendant's future compliance with relevant consumer protection laws, combine to justify punitive damages *near the high end of the single-digit range* that due process typically permits in the absence of special justification." *Id.* at 150 (emphasis added). Accordingly, the court imposed punitive damages of 175,000, slightly less than ten times the compensatory award. *Id.*

The court in *Johnson* based its decision regarding the multiplier partly on the degree of reprehensibility of the defendant's conduct. Here, however, Defendant does not point to any facts in the Complaint to show its conduct is alleged to be similar to that of the defendant in *Johnson* such that a comparable multiplier would likely be used to calculate punitive damages in this case. Moreover, the *Johnson* court increased the award in to $175,000 on remand because of the "scale and profitability" of the defendant's scheme. At this stage, the Court lacks sufficient evidence to determine whether the Defendant's conduct in failing to notify buyers of this issue was profit-motivated. As such, it is impossible to determine whether a similarly high multiplier would be applied.

Lastly, Defendant argues that the amount in controversy exceeds $75,000 because Plaintiff requests attorneys' fees and costs of suit. (Opp'n at 5, 6.) Defendant provides no evidence of what Plaintiff's attorney's hourly wage is or any estimate of the amount of hours worked on this case. Without this information, the Court is unable to assess the potential fees that could be awarded. *See Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (defendant provided evidence of the plaintiff's attorney's hourly rate and estimated the number of hours likely to be spent on the matter based on time spent on similar cases); *Ponce*, 2015

WL 4554336 at *3 (defendant provided evidence of the amount of attorneys' fees awarded in other similar cases in the district).

Accordingly, the Court finds that Defendant's Notice of Removal does not allege sufficient facts to establish the existence of diversity jurisdiction.

**C. Attorney Fees**

Section 1447(c) provides that upon remand, a court may exercise its discretion to award attorney fees "incurred as a result of the removal." Where there is an objectively reasonable basis for seeking removal, attorney fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The statutory purpose of awarding attorney fees is to deter abuse, unnecessary expenses and harassment that may result with improper removal. 28 U.S.C. § 1447(c).

Although Defendant has failed to meet its burden in supporting removal, it did not lack an objectively reasonable basis for attempting to remove this case. The Court therefore finds that Plaintiff is not entitled to attorney fees.

**V. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (Dkt. No. 6.)

Dated: October 18, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE